## William Stoke et al., Plffs. in Err., v. David G. McCullough.

The architect of a building may be named by the owner as arbitrator on the owner's part to value work done by a contractor, under an agreement for a valuation by "competent" persons.

(Decided October 5, 1885.)

Error to the Common Pleas of Blair County. Affirmed.

Stoke & Company erected a building for McCullough, under a contract which provided that extra work should be valued by two "competent" persons, etc. Extra work was done, and the parties named arbitrators, who made an award; the arbitrator named by McCullough, the owner of the building, being Marshall, who had been employed as architect to superintend the work. Stoke & Company, being dissatisfied with the amount awarded, filed a mechanics' lien for the sum they claimed. On the trial a principal question was whether the award was a valid defense.

*Alexander & Herr* for plaintiffs in error.

*A. V. Dwely* for appellee.

PER CURIAM:

Marshall had no pecuniary interest in the work. The fact that he had been in the employment of one of the parties as superintendent of the work did not legally disqualify him from acting as an arbitrator. When the agreement permits each party to select an arbitrator, it may fairly be assumed that each will select a person who is friendly towards him. The "true value" was to be ascertained by "competent persons." The per-

NOTE.—The lien in this case was stricken off by the lower court, and subsequently reinstated on appeal. Stoke v. McCullough, 107 Pa. 39.

sons who valued the work are not shown to have been incompetent. The award is regular on its face, and it is found that they acted within their jurisdiction and according to the powers submitted to them.

Judgment affirmed.